# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**JERRY HAMBLEN**                                                                         **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 3:09CV-626-H**

**ELAINE ADKINS** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff JerryHamblen filed this *pro se*, employment-discrimination action against his supervisors at the United States Postal Service, Elaine Adkins and Frank Daughtery. He alleges that Defendants discriminated against him by not paying him for all the time he did "early start-up." He states that he has obtained a right-to-sue letter from the Equal Employment Opportunity Commission; however, he does not attach the letter to the complaint.

Because Plaintiff is proceeding *in forma pauperis* the Court has a mandatory duty to screen his complaint under 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, upon initial review, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Although not specified by Plaintiff, the Court presumes that Plaintiff intends to sue under Title VII because he alleges "discrimination." Title VII requires that "the head of the department, agency, or unit, as appropriate, shall be the defendant" in suits brought under it. 42 U.S.C. § 2000e-16(c). The Sixth Circuit has also explained that § 2000e-16(c) "'mandates who may be a proper defendant in civil actions brought by federal employees to enforce rights under Title VII,'" and that failure to follow the statute's requirements will result in dismissal. *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002) (quoting *Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir. 1988)). Under the statute and the reasoning of the Sixth Circuit, the proper defendant in this case is the

head of the United States Postal Service, the Postmaster General.  *Stiles v. Frank*, Nos. 91-5454, 91-5455, 91-5648, 1992 U.S. App. LEXIS 19185 (6th Cir. Aug. 6, 1992) (finding that the only proper defendant in an employment discrimination action against a federal agency is the Postmaster General when the federal agency at issue is the United States Postal Service).  Plaintiff named two Defendants, but did not include the Postmaster General as a defendant in his complaint.  Because Plaintiff has not named the proper defendant to this action the court will dismiss this action by separate Order.  *See Hancock*, 848 F.2d at 88 ("The proper defendant was not named in this action.  Adherence to the statute's requirements is mandatory, and we are neither authorized nor inclined to ignore its mandate.").

Date:


cc:     Plaintiff, *pro se*
        Defendants
4412.008